UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WINDWARD BORA LLC,

                       Plaintiff,

  -against-

EDWAR BRITO, ANDERSON QUEZADA,
CREDIT ACCEPTANCE CORPORATION

                       Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**19-CV-04073 (MKB) (ST)**

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Windward Bora, LLC. ("Plaintiff" or "Windward") commenced an action on July 15, 2019, against defendants Edwar Brito ("Defendant Brito"), Anderson Quezada ("Defendant Quezada"), the Clerk of the Suffolk County Traffic and Parking Violations Agency ("Defendant TPVA"), and Credit Acceptance Corporation ("Defendant Credit Acceptance") to foreclose on a mortgage encumbering a property located 47 Community Road, Bay Shore, NY 11706 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq. See generally* Compl., ECF No. 1. Plaintiff Windward requested a certificate of default against all Defendants on September 25, 2019. Pl's Req. for Default, ECF No. 14. Defendant TPVA opposed Plaintiff's request. Def. TPVA's Decl. in Opp'n, ECF No. 15. On October 3, 2019, the Clerk of the Court granted Plaintiff's request and entered default against Defendant Brito, Defendant Quezada, and Defendant Credit Acceptance (Clerk's Entry of Default, ECF No. 16), and denied Plaintiff's request as to Defendant TPVA. *See* Clerk's Denial of Req. for Default, Minute Entry, No. 19-cv-5334 (E.D.N.Y. Oct. 3, 2019). Plaintiff filed a Motion for Default Judgment against all Defendants on October 14, 2019, (Mot. for Default J., ECF No. 17), and a Notice of Voluntary Dismissal as to Defendant TPVA. Notice of

1

Voluntary Dismissal, ECF No. 19. The Honorable Judge Margo K. Brodie referred this motion to me for a Report and Recommendation on October 15, 2019 (*See* Order, No. 19-cv-5334 (E.D.N.Y. Oct. 15, 2019)), and thereafter granted Plaintiff's request to release Defendant TPVA from the action. *See* Order, No. 19-cv-5334 (E.D.N.Y. Oct. 17, 2019). On October 16, 2020, I ordered a hearing on this motion, which took place on October 30, 2020. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be GRANTED and that Windward be awarded damages in the amount of $183,276.21 and additional relief as described herein.

### I. BACKGROUND

Unless otherwise specified, the following background facts are based on the allegations in the Plaintiff's Complaint, the Plaintiff's Motion for Default Judgment and accompanying exhibits, the October 30, 2020 hearing, and the Plaintiff's Supplemental Affidavit of Statement of Damages (ECF No. 23). Plaintiff brought this action to foreclose on a mortgage encumbering the property, located at 47 Community Road, Bay Shore, NY 11706 (the "Property"). On December 1, 2006, Karen A. Aiello executed and delivered a note (the "Note") to Mortgage Lenders Network USA, Inc.in the amount of $110,000.00. Compl. ¶ 11, ECF No. 1, Ex. C, ECF No. 1-1. That same day, Aiello executed a mortgage agreement (the "Mortgage") with Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee of Mortgage Lenders Network USA, Inc., to secure the sum of $110,000.00 and interest, which was recorded in the Suffolk County Clerk's Office on December 17, 2006. *See* Compl. ¶ 10-11, ECF No. 1; *see* Compl. Ex. B, ECF No. 1-1; *see* Decl. of Regularity ¶ 2, ECF No. 17-1; *see also* Liber M00021437. The Note and Mortgage were subsequently transferred by the affixation of proper endorsements and allonge to the Note. *See* Compl. ¶ 11, ECF No. 1; *see* Compl. Ex. C, ECF No. 1-1.

The Note obligates Aiello to pay a principal amount of $110,000.00 plus interest at a yearly rate of 9.00%. *See* Compl. Ex. C ("Note"), ECF No. 1-1. Aiello was obligated to pay the principal and the interest by making monthly payments of $885.09 on the first day of the month beginning on January 2007. *Id*. If Aiello failed to pay off the principal and the interest of the note, in full, by December 1, 2036, she was obligated to pay the remaining balance of the principal and the interest on that date. *Id*.

The Note stated that Aiello would be in default if she failed to make a full monthly payment on time, and failed to remedy the nonpayment by a date specified in a written notice of nonpayment. *Id*. The date specified was to be at least ten (10) days after the lender mailed or delivered the notice of nonpayment to Aiello. *Id*. If Aiello defaulted, the Note stated that the lender may exercise the right to force immediate payment of the full amount of the principal that had not been paid plus the interest. *Id*. Even if the lender did not immediately demand payment upon Aiello's default, the Note allows the lender to exercise its right to demand payment at a later time. *Id*. The Note also provided that a 2% late fee would be assessed if Aiello failed to make a payment within fifteen (15) calendar days of the due date. *Id*.

On September 6, 2010, Aiello transferred ownership of the Property to Ludwig Duenas by way of a quitclaim deed. *See* Compl. Ex E, ECF No. 1-1. The transfer was recorded with the Suffolk County Clerk's Office on January 9, 2013. *Id*. After transferring ownership, Aiello failed to make the monthly payment due by June 11, 2013. *See* Compl. ¶ 14.

On May 4, 2017, Credit Acceptance Corp obtained a judgement in the amount of $10,010.76 against the Property. Compl. ¶ 6, ECF No. 1. About two months later, on July 13, 2017, Duenas transferred ownership of the Property to Defendants Brito and Quezada. *See*

3

Compl. Ex. E, ECF No. 1-1; *see also* Compl. ¶ 3-4, ECF No. 1. The next day, this transfer was recorded with the Suffolk County Clerk's Office. *See id.; see also* Liber D00012920.

On or before June 5, 2018, Plaintiff came into possession of the original Note. *See* Compl. Ex. C, ECF No. 1-1. On December 17, 2018, Plaintiff sent Aiello a Notice of Default (the "Notice"). Compl. ¶ 15; *see* Compl. Ex. D, ECF No. 1-1. The Notice stated that the total amount in arrears was $59,064.34, and Aiello was required to correct the default by January 16, 2019. *See* Compl. Ex. D, ECF No. 1-1. The Notice further stated that a failure to correct the default could result in the acceleration of the loan. Compl. ¶ 15; *see* Compl. Ex. D, ECF No. 1-1. The Notice stated that, "[u]pon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." *Id*. Plaintiff also issued a 90-day notice provided by RPAPL 1304(1) to Aiello and has submitted proof of mailing to this Court. Compl. ¶ 16; *see* Compl. Ex. D, ECF No. 1-1.

On July 15, 2019, Plaintiff filed this Complaint. *See* Compl., ECF No. 1. Plaintiff is a single member limited liability corporation organized under the laws of Delaware and, by virtue of its sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Compl. ¶ 2. Defendants Brito and Quezada are citizens of New York and owners of the Property by way of the deed recorded on July 14, 2017. Compl. ¶¶ 3-4, *see* Liber D00012920. Defendant Credit Acceptance is a corporation organized under the laws of Michigan and maintaining citizenship there. Compl. ¶ 6. Credit Acceptance is a judgement creditor as a result of a judgement it obtained against the property, which is subordinate to the Plaintiff's mortgage. *Id.* Defendant TVPA is an administrative tribunal of the County of Suffolk, and has multiple judgments against Defendants Brito, Quezada, or the Property which are subordinate to Plaintiff's mortgage. Compl. ¶ 5; Compl. Ex. F. Defendants were duly served with a copy of the Summons and

4

Complaint. Summonses Returned Executed, ECF Nos. 8-10, 12. Defendant TPVA appeared in this action by way of a Notice of Appearance and Demand for Surplus Funds. Notice of Appearance by Dana Kobos, ECF No. 11. The other Defendants did not file an answer to the Complaint.

On September 25, 2019, the Plaintiff requested a certificate of default against all Defendants, including Defendant TPVA. Pl's Req. for Default, ECF No. 14. Defendant TPVA opposed the Plaintiff's request. Def. TPVA's Decl. in Opp'n, ECF No. 15. On October 3, 2019, the Clerk of the Court granted the Plaintiff's request and entered default against Defendants Brito, Quezada, and Credit Acceptance (Clerk's Entry of Default, ECF No. 16), and denied Plaintiff's request as to Defendant TPVA. *See* Clerk's Denial of Req. for Default, Minute Entry, No. 19-cv-5334 (E.D.N.Y. Oct. 3, 2019). The Plaintiff filed this Motion for Default Judgment against all Defendants on October 14, 2019, (Mot. for Default J., ECF No. 17), and a Notice of Voluntary Dismissal as to Defendant TPVA. Notice of Voluntary Dismissal, ECF No. 19. The Honorable Judge Margo K. Brodie granted Plaintiff's request to release Defendant TPVA from the action. *See* Order, No. 19-cv-5334 (E.D.N.Y. Oct. 17, 2019).

In support of the motion, Plaintiff filed several documents, including a Declaration and Memorandum of Law in Support of Default Judgment of Foreclosure and Sale, proposed Judgment of Foreclosure and Sale Order, Affidavit of Service, and evidence. *See generally* Pl's. Mot for Default J., ECF 17. As a result of the Motion Hearing held before this Court on October 30, 2020 (Minute Entry, 19-cv-5334 (E.D.N.Y. November 2, 2020), the Plaintiff also filed a Supplemental Affidavit of Statement of Damages. Pl.'s Suppl Aff. of Statement of Damages, ECF No. 23. The Plaintiff requests that the Court appoint a Referee to sell the Property and that the Court ascertain and compute the amount due to Plaintiff for principal and interest.

Declaration of Attorney Weinreb ("Decl. Weinreb"), ECF No. 17-1. No opposition has been filed to date.

## II.   LEGAL STANDARD

### A.   Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis*

*Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016). If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### III. DISCUSSION

#### A. Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-cv-6306(ADS)(GRB), 2017 U.S. Dist. LEXIS 125266, at *13-14 (E.D.N.Y. Aug. 7, 2017) (internal citations and quotations omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff."). Here, since the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action, standing is sufficiently established. Compl., Ex. C (Allonge to the Note), Ex C (Affidavit of Note Possession), ECF No. 1-1; Pl.'s Mem. or L. in support of Mot. for Default J. ("Pl's Mem. of L.") at 5-6, ECF No. 17-2.

#### B. RPAPL § 1304 Notice

Before discussing whether default judgment is warranted in this case, this Court must address a threshold issue regarding statutory notice. This Court finds that the pre-foreclosure

7

notice attached to the Complaint is sufficient to establish compliance with RPAPL § 1304 for the purposes of the present default proceeding.

New York Real Property Acts Law ("RPAPL") § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id.* §§ 1304(1)-(2).

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 142 N.E.3d 102 (2020). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to

8

assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 414 N.Y.S.2d 117, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff provided documentation of pre-foreclosure notice in its Complaint which conforms to the statutory notice format provided under RPAPL §1304(1). Compl. Ex. D, ECF No. 1-1. In addition to the statutory notice, Plaintiff submitted U.S. Postal Service Certified Mail receipts. *See id*. The notices of default were addressed to Aiello, and the accompanying mail receipts indicate that said notice was mailed to her at her last known address, that being the Property. *Id.*

### C. RPAPL § 1306 Notice

RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§1306 notice] . . . the information required by subdivision two of this section." RPAPL §1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue. N.Y. RPAPL §1306(2). Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services attached to the Complaint, I find that Plaintiff has satisfied this filing requirement as well. *See* Compl. ¶ 15; Compl, Ex. D, ECF No. 1-1.

### D. Liability as to Defendants Edwar Brito and Anderson Quezada

To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on that note. *See United States v. Estate of Callard*, No. 11-cv-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July

5, 2012)), *R&R adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-cv-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted). Plaintiff made an adequate showing of the first two elements by producing a valid mortgage and note. Compl., Ex. C ("Mortgage"), ECF No. 1-1; Compl., Ex. C ("Note"), ECF No. 1-1. Additionally, Plaintiff has shown default on the loan obligations by providing a notice of default, mailing receipts, and an affidavit from the sole member of Plaintiff Windward Bora, LLC. Compl. Ex. D, ECF No. 1-1; Compl. Ex. C. (Pl.'s Aff. of Note Possession), ECF 1-1; Pl.'s Suppl Aff. of Statement of Damages, ECF No. 23; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-cv-3918 (ADS) (ARL), 2018 U.S. Dist. LEXIS 192385, at *5 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts, and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). Therefore, this Court recommends that default judgement be entered against Defendants Brito and Quezada.

      **E.**    **Liability as to Credit Acceptance Corp**

Plaintiff also names Credit Acceptance as a defendant "because it is a judgement creditor by virtue of a Suffolk County Court judgement docketed on 5/4/2017 in the amount of $10,010.76 against the property, which is subordinate to Plaintiff's Mortgage." Compl. ¶ 6. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying objective of foreclosure actions—to

extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (internal citation and quotation marks omitted).

To establish liability as to a non-mortgagor defendant, a plaintiff must allege "nominal liability—that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-cv-6311 (MKB), 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-cv-4010 (SJ)(SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation committed).

Here, the Complaint contains well-pleaded allegations of nominal liability against the non-mortgagor Defendant Credit Acceptance. Compl. ¶ 6; *See E. Sav. Bank, FSB v. Robinson et al,* No. 13-cv-7308 (ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *adopted by,* 2016 WL 3102021 (E.D.N.Y. June 2, 2016) (allegations in the complaint alone were sufficient to establish nominal liability for the purpose of terminating an interest in property by a non-governmental judgement-holder); see also, *Windward Bora LLC v. Baez*, No. 19-cv-5698 (PKC)(SMG), 2020 WL 4261130, at *3-4 (E.D.N.Y. July 24, 2020) (Heightened pleading standard under New York [RPAPL] § 202 inapplicable to non-governmental agencies). Therefore, this Court recommends that default judgement be entered against Defendants Credit Acceptance.

## IV. DAMAGES AND REMEDIES

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 (citing *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). An evidentiary hearing is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d. Cir. 1991).

The Plaintiff alleges that it is entitled to damages in the amount of $183,276.21, comprised of $109,378.41 in unpaid principal and $73,897.80 in interest accrued as of October 20, 2020, to be paid from the foreclosure and sale of the Property through the appointment of a referee by the Court. *See* Pl.s' Proposed J., ECF No. 17-3; Pl.'s Suppl Aff. of Statement of Damages, ECF No. 23. Windward also seeks remuneration for additional costs related to the sale of the Subject Property. *See* Compl. At 6, ECF No. 1; Pl.'s Proposed J. at 2-3, ECF. No. 17-3.

### A. Unpaid Principal

As discussed, Aiello received $110,000 in return for her execution of the Note, and she was obligated to repay this principal amount under its terms. *See* Compl. Ex. C, ECF No. 1-1. The

Note provides that if Aiello defaults on her this obligation, then she would owe the Note Holder the full amount of the principal that has not been paid, plus interest. *Id.* As of October 30, 2020, the outstanding principal balance is $109,378.41. Pl.'s Suppl Aff. of Statement of Damages ¶ 6, ECF No. 23. The Mortgage provides that the mortgagee can recover the principal advanced under the Note through proceeds obtained from the foreclosure and sale of the mortgaged property. *See* Compl. Ex. B, ECF No. 1-1. Therefore, this Court finds that the Plaintiff is entitled to recover the unpaid principal balance of $109, 378.41, to be satisfied by the foreclosure and sale of the Property.

### B.     Interest on the Unpaid Principal

The Plaintiff also seeks interest on the principal of $73,897.80, the amount owed from May 1, 2013 to October 30, 2020.[1] Pl.'s Suppl Aff. of Statement of Damages ¶ 7, ECF No. 23. Under the terms of the Note, Aiello was required to repay interest on the principal calculated at an annual percentage rate of 9.00%. *See* Compl. Ex. C, ECF No. 1-1. To reach the figure of $73,897.80, Plaintiff first calculates the *per diem* amount of interest due by multiplying the outstanding principal balance ($109, 378.41) by the interest rate (9.00%) and then dividing that number by 365. Pl.'s Suppl Aff. of Statement of Damages ¶ 8, ECF No. 23. The *per diem* amount of interest, rounded to the nearest cent, is $26.97 (109,378.41 * .09 / 365). *Id.* Next, the *per diem* interest rate is multiplied by the number of days between May 1, 2013 (the last date on which timely payment

---

[1] The affiant calculated the interest due by using the term of May 1, 2013, the last timely payment made by Aiello, to October 30, 2020, the day the supplemental affidavit was signed. *See* Pl.'s Suppl Aff. of Statement of Damages, ECF No. 23. However, in paragraph 7, the affiant states that the interest should be calculated from May 1, 2013 to October 20, 2020. *Id.* This end date does not appear anywhere else in the affidavit, and the calculations proffered by the affiant only comport to an end date of October 30, 2020. Therefore, the Court treats this as an apparent typographical error. *Id.*

was made) and October 30, 2020 (the date on which the affidavit was signed).[2] *Id.* There are 2740 days between May 1, 2013 and October 30, 2020. This calculation ($10.79 * 2740) yields interest in the amount of $73,897.80. Therefore, this Court finds that Plaintiff's calculations are correct and recommends that the Court award Plaintiff $73,897.80 in interest, to be satisfied by the foreclosure and sale of the Property.

### C.  Appointment of Referee and Payment of Fee

Plaintiff also asks that this Court appoint a Referee to sell the Subject Property and that he receive $750 in fees. *See* Pl.'s Proposed J. at 2-3, ECF. No. 17-3. Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See Inv. Fund 2, LLC v. Anthony for Estate of Hubbard-Watson*, No. 17-cv-1220 (DRH) (SIL), 2018 WL 4017691, at *7 (E.D.N.Y. July 30, 2018) (citations omitted), *report and recommendation adopted*, No. 17-cv-1220 (DRH) (SIL), 2018 WL 4017584 (E.D.N.Y. Aug. 22, 2018)). The $750 fee for the referee requested by Plaintiff is appropriate. *See JXB 84 LLC v. 424 Halsey St. Condo, LLC*, No. 15-cv-5362 (PKC) (VMS), 2017 U.S. Dist. LEXIS 18058, at *15 (E.D.N.Y. Feb. 7, 2017) (citing N.Y. CPLR § 8003)).

Plaintiff has proposed Kevin Snover, Esq., to serve as the referee. As discussed above, the Plaintiff has established a prima facie case in this foreclosure action, and therefore has the presumptive right to foreclose on the Property, which includes the right to the appointment of a

---

[2] Courts in this District routinely allow for the amount of interest owing under a note to be calculated on a *per diem* basis, even where the note itself provides for interest calculated at an annual percentage rate. *See, e.g., Courchevel 1850 LLC v. Donaldson*, No. 16-cv-6803 (RRM) (CLP), 2018 WL 1830809, at *7 (E.D.N.Y. Feb. 1, 2018), *report and recommendation adopted*, No. 16-cv-6803 (RRM) (CLP), 2018 WL 5777018 (E.D.N.Y. Nov. 1, 2018); *Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc.*, No. 16-cv-7020 (NGG) (SMG), 2018 WL 2074200, at *6 (E.D.N.Y. Feb. 5, 2018), *report and recommendation adopted sub nom.*, *Miss Jones LLC v. Bisram*, No. 16-cv-7020 (NGG) (SMG), 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018).

referee. *Freedom Mortg. Corp. v. Ervin*, No. 18-cv-1082 (ENV) (SMG), 2019 WL 2436298, at *9 (E.D.N.Y. February 12, 2019) (citing *OneWest Bank, NA v. Raghunath*, No. 14-cv-3310 RJD MDG, 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom*. *OneWest Bank, N.A. v. Raghunath*, No. 14-cv-3310 RJD MDG, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015); *see* United States v. Watts, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), *adopted by*, 2014 WL 4293815 (E.D.N.Y. Aug.28, 2014). Therefore, this Court recommends that the District Court appoint Mr. Snover to serve as Referee of the foreclosure and sale of the Property.

### D. Other Costs

Finally, Plaintiff asks the Court to award certain other costs from the foreclosure and sale of the Subject Property. Namely, Plaintiff requests "[t]he expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct." Pl.s' Proposed J., ECF No. 17-3. In granting a motion for default judgment, courts are not permitted to award damages that exceed what the plaintiff requested in its complaint. *See Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013). Windward seeks an award of "the expenses of [the] sale" of the Property in its Complaint (Compl. at 6) but does not specifically reference advertising expenses. Nonetheless, the Court finds that the phrase "the expenses of the sale" logically includes advertising expenses for the sale, and thus recommends finding that Plaintiff may receive this award. At least one other court in this District has explicitly granted this award previously. *See E. Sav. Bank, FSB v. Revell*, No. 11-cv-2304 (ENV) (JO), 2013 WL 3187057, at *2 (E.D.N.Y. June 20, 2013).

Plaintiff also requests "the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon." Pl.'s

15

Proposed J. at 3. The Court finds that this language is also within the ambit of "the expenses of the sale," Compl. at 6. Other courts in our Circuit have likewise awarded these expenses. *See also Bank of Am., N.A. v. PCV ST Owner LP*, No. 10-cv-1178 (AKH), 2010 WL 11485022, at *3 (S.D.N.Y. June 21, 2010); *Wells Fargo Bank, N.A. v. Long Ball Utica, LLC*, No. 14-cv-01197 (MAD), 2015 WL 3649797, at *3 (N.D.N.Y. June 11, 2015). This Court therefore recommends awarding these expenses, as well.

## V. CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment of foreclosure and sale be GRANTED as to Defendants Brito, Quezada, and Credit Acceptance. I also respectfully recommend that Plaintiff be awarded a Judgment of foreclosure and sale in the amount of $183,276.21, to be satisfied by the sale of the Property under the supervision of a referee to be appointed by Hon. Margo K. Brodie.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                                  /s/
                                               Steven L. Tiscione
                                               United States Magistrate Judge
                                               Eastern District of New York

Dated: Central Islip, New York

      November 24, 2020