UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WINDWARD BORA, LLC,

                        Plaintiff,                    **ORDER**
                                                              19-CV-4073 (MKB) (ST)
        v.

EDWAR BRITO, ANDERSON QUEZADA, and
CREDIT ACCEPTANCE CORPORATION,

                        Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Windward Bora, LLC, commenced the above-captioned action on July 15, 2019, pursuant to New York Real Property Actions and Proceedings Law § 1301 *et seq.* ("RPAPL"), against Defendants Edwar Brito, Anderson Quezada, and the Credit Acceptance Corporation (the "CAC"), seeking to foreclose on a property located at 47 Community Road, Bay Shore, New York 11706 (the "Property").[1] (Compl. 1–3, Docket Entry No. 1.) On October 15, 2019, the Court referred the motion to Magistrate Judge Steven Tiscione for a report and recommendation. (Order dated Oct. 15, 2019.) On October 30, 2020, Judge Tiscione held a hearing, (Min. Entry, Docket Entry No. 24), and by report and recommendation dated November 24, 2020, recommended that the Court grant Plaintiff's motion for a default judgment (the "R&R"), (R&R 1–2, Docket Entry No. 25).

---

[1] Plaintiff also named the Clerk of the Suffolk County Traffic and Parking Violations Agency (the "TVPA") as a Defendant, alleging that it is a judgment creditor with an interest in the Property. (Compl. 2.) The TVPA opposed entry of default, (TVPA's Decl. in Opp'n to Pl.'s Mot. for Default J., Docket Entry No. 15), and Plaintiff voluntarily dismissed it from the case, (Notice of Voluntary Dismissal, Docket Entry No. 20).

For the reasons discussed below, the Court adopts the R&R and grants Plaintiff's motion for a default judgment.

## I. Background

Plaintiff alleges that it holds the mortgage and note on the Property, that Karen A. Aiello[2] has not paid the mortgage, and that Aiello has been notified of her default as required by the RPAPL. (Compl. 3–4.)[3] Aiello transferred the Property to Ludwig Duenas, and Duenas then transferred the Property to Brito and Quezada. (Quitclaim Deeds 32–34, annexed to Compl. as Ex. E ("Quitclaim Deeds"), Docket Entry No. 1-1.) Plaintiff further alleges that Brito and Quezada are owners of record and that the CAC has a judgment against the Property that is junior to the mortgage. (Compl. 3.)

Defendants did not answer or otherwise respond to the Complaint. On October 3, 2019, the Clerk of Court entered a certificate of default. (Clerk's Entry of Default, Docket Entry No. 16.) Plaintiff then moved for a default judgment, (Mot. for Default J., Docket Entry No. 17), and on October 15, 2019, the Court referred the motion to Judge Tiscione who issued an R&R on November 24, 2020, after holding a hearing. (Order dated Oct. 15, 2019; Min. Entry, Docket

---

[2] Although Aiello made the mortgage in 2006 and remains obligated to pay it, (Compl. 3–4), she is not a necessary defendant in this action pursuant to RPAPL § 1311 because she does not have an interest in the Property, having conveyed all of her interest in the Property to another person by quitclaim deed. *See* Quitclaim Deeds; 43A N.Y. Jur. 2d Deeds § 242 (explaining that "[a] quitclaim deed operates to convey to the grantee all of the rights which the grantee's predecessors in interest may have had in the property"); N.Y. RPAPL § 1311 (naming as necessary parties in a foreclosure action (1) every person with an interest in the property, (2) persons with a right of dower in the property, (3) persons with a lien subordinate to the plaintiff's lien, and (4) where relevant, the public service commission). Aiello is instead a permissible defendant. *See* N.Y. RPAPL § 1313 ("Any person who is liable to the plaintiff for payment of the debt secured by the mortgage may be made a defendant in the action.").

[3] Because the Complaint and the documents attached to it are not consecutively paginated, the Court refers to the numbers assigned by the electronic case filing system.

Entry No. 24; R&R.) Judge Tiscione found that Plaintiff had provided notice that complied with RPAPL §§ 1304 and 1306. (R&R 7–9.) As to Brito and Quezada, Plaintiff had established liability by producing the mortgage, the note, and evidence of default. (*Id.* at 10.) As to the CAC, Plaintiff had sufficiently alleged that the CAC's interest in the Property is subordinate to the mortgage. (*Id.* at 10–11.) Judge Tiscione further found that Plaintiff had shown its entitlement to recover $109,378.41 in unpaid principal, $73,897.80 in interest, and other costs of the sale through foreclosure and sale of the Property. (*Id.* at 12–16.) Finally, Judge Tiscione recommended that the Court appoint Plaintiff's proposed referee, Kevin Snover, Esq., to oversee the foreclosure and sale of the Property. (*Id.* at 15.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the

3

consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion for a default judgment and awards Plaintiff a Judgment of Foreclosure and Sale for the Property against Edwar Brito and Anderson Quezada in the amount of $109,378.41 in unpaid principal, $73,897.80 in interest, and other costs of the sale, under the supervision of Kevin Snover, Esq., appointed as referee to conduct the sale of the Property.

Dated: December 11, 2020
      Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge